NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
FILED
OCT 0 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-331-JMH

HAROLD G. E. OATNEAL            PETITIONER

VS.      **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.      RESPONDENTS

Harold G. E. Oatneal, also known as Anthony Montea Gillis ("Oatneal"), a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

On December 3, 1998, Oatneal was arrested in Tennessee on mail and Social Security fraud charges under 18 U.S.C. §1341 and 42 U.S.C. §408(a)(7)(B). On July 30, 1999, he pleaded guilty and was sentenced to time served to be followed by a 3-year term of supervised release. Two months later, the Probation Office requested and received a warrant for his arrest for failure to comply with the terms of his supervised release. Specifically, Oatneal had been arrested and charged with bank

fraud under 18 U.S.C. §1344(2). On March 30, 2000, the trial court in Oatneal's first case ordered him to serve eight months consecutive to his sentence in 99-CR-164. On the same date in the latter case, Oatneal pleaded guilty to bank fraud and was sentenced to 37 months' incarceration to be followed by a 5-year term of supervised release. *United States v. Oatneal*, 99-CR-31, Middle District of Tennessee [Record Nos. 1, 29, 38, 40, 57]; *United States v. Oatneal*, 99-CR-164, Middle District of Tennessee [Record Nos. 1, 35].

Oatneal completed his 37-month prison term and commenced his 5-year term of supervised release on his bank fraud conviction. Jurisdiction over Oatneal's supervised release was thereafter transferred to Georgia. On March 15, 2004, the United States filed a motion in the district court to revoke Oatneal's supervised release for failure to satisfy its conditions. On June 18, 2004, that court entered an order continuing Oatneal's release, but required him to provide the Probation Office with proof of employment each month. The Probation Office again moved to revoke Oatneal's release on October 5, 2004. On March 9, 2005, the Court revoked Petitioner's supervised released and remanded him to BOP custody for 30 months on the bank fraud conviction, with no supervised release to follow. Oatneal filed a direct appeal of the revocation order, but the Eleventh Circuit affirmed on January 26, 2006. Oatneal also filed a motion to vacate under 28 U.S.C. §2255 on the same grounds asserted herein: that the trial court lacked jurisdiction to return him to the custody of the BOP after he had completed his initial term of incarceration but during his term of supervised release. The district court denied his motion to vacate, and on June 26, 2006, the Eleventh Circuit dismissed his appeal/motion for a certificate of appealability for failure to prosecute. *United States v. Oatneal*, 04-CR-23, Northern District of Georgia [Record Nos. 2, 7, 8, 16, 34, 37, 38, 53].

On May 8, 2006, Oatneal pleaded guilty to one count of escape under 18 U.S.C. §751(a), and was sentenced on August 30, 2006 to 27 months of incarceration followed by a 2-year term of

2

supervised release. *United States v. Oatneal*, 06-CR-20017, Western District of Tennessee [Record Nos. 24, 34, 36]. Oatneal has recently appealed his conviction to the Sixth Circuit. *Oatneal v. United States*, 06-6166, Court of Appeals for the Sixth Circuit.

Oatneal has filed several habeas corpus petitions in different jurisdictions seeking relief under 28 U.S.C. §2241, arguing, it appears, that he cannot have been guilty of escape where his conviction and incarceration were void. Oatneal argues that his term of supervised release was already completed by the time the Probation Office sought its revocation on October 5, 2004.

Factually, of course, he is simply incorrect: Oatneal was barely a year into his 5-year term of supervised release in 99-CR-164 when the Probation Office sought to revoke his release on the escape charge for his unauthorized departure from the treatment center.

But more fundamentally, Oatneal may not use a habeas corpus petition under Section 2241 to challenge the legality of his conviction under the present circumstances. The habeas statute is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). A direct challenge to a conviction must ordinarily be raised through a post-conviction motion under 28 U.S.C. §2255, an approach Oatneal has already invoked twice without success. Pursuant to the "savings clause" of Section 2255, a prisoner may however use Section 2241 if he can demonstrate that his remedy under Section 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. To do so, the prisoner must be able to point to a Supreme Court decision, handed down after his conviction became final, which interprets the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction, thus presenting a viable claim that he is actually innocent of the crime. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this

3

court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

Oatneal's assertions, even if true, are not claims of "actual innocence," because he does not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin* 319 F.3d at 805; *Charles v. Chandler*, 180 F.3d at 757. Because his claims challenge matters that could and should have been raised on direct appeal, they do not present a facially-valid claim that he is actually innocent of the offense charged. Accordingly, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Oatneal's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

This the 6th day of October, 2006.

JOSEPH M. HOOD, CHIEF JUDGE